WATKINS, Judge.
Gordon H. Maginnis brought the present suit seeking removal of John H. Maginnis, his brother, as trustee of the Gordon H. Maginnis Trust, of which Gordon Maginnis was beneficiary. Gordon also sought damages from his brother John for interest on sums allegedly withheld from the Gordon H. Maginnis Trust. Both parties moved for summary judgment. From summary judgment in favor of John, Gordon, the plaintiff, appeals. We affirm.
Mrs. Ruth Hobson Maginnis died on April 24, 1976, leaving a will that creates three separate trusts, one being the Gordon H. Maginnis Trust, as aforesaid. By un-contradicted affidavit submitted by John on motion for summary judgment, it is asserted that Maunsel Hickey was selected as CPA and attorney for the estate and the Gordon H. Maginnis Trust by the concurrence of both John and Gordon. The legatees were sent into possession in June of 1978 in accordance with a schedule of distribution prepared by Mr. Hickey’s accounting firm. Later, in June of 1979 Mr. Hickey telephoned John H. Maginnis informing him his firm had made an error, which resulted in the Gordon H. Maginnis Trust not receiving a proper sum and in John H. Maginnis receiving too great an amount, by the sum of $16,742.55. The total before tax value of the entire Succession of Ruth H. Maginnis was $468,032.62. Steps were taken by Mr. Hickey to correct the mistake by making an entirely new partition of the entire succession but this work was not completed until October, 1980. At that time, protracted negotiations were conducted between John and Gordon which finally resulted in the payment of the final amount due the Gordon H. Maginnis Trust in May of 1981. No interest was paid on that sum.
Gordon sought the removal of John as trustee for breach of trust, and interest on the amount withheld.
The trust instrument relieved the trustees (one of two being John, who alone is sought to be removed) of all liability for breach of trust except breach of the duty of loyalty. The Trust Code permits the trust instrument to exculpate a trustee from all liability for breach of trust except in breach of trust committed in bad faith, or one committed in breach of the duty of *575 loyalty.[1] LSA-R.S. 9:2206; Oppenheim and Ingram, Trusts, Vol. 11, West’s Civil Law Treatise, Sec. 446. Thus, the exculpatory provision of the trust instrument was fully enforceable.
Clearly, the error in distributing the succession resulted from an accounting error made by Mr. Hickey’s CPA firm, and not through any fraud, bad faith, or breach of the duty of loyalty on the part of John H. Maginnis. Indeed, Mr. Hickey was selected by mutual agreement of John and Gordon. Thus, even if a breach at all was committed by John, which appears doubtful, in view of Gordon’s concurrence in Mr. Hickey’s selection, it was not one for which John H. Maginnis can be held responsible, either in damages, or by removal. LSA-R.S. 9:1789.
Interest that would have accrued to a trust is an item of damages. Bridwell v. Bridwell, 381 So.2d 566 (La.App. 2d Cir. 1980). As John H. Maginnis is not liable to the Gordon H. Maginnis Trust or to Gordon H. Maginnis individually for damages, he cannot be held liable for interest that the Gordon H. Maginnis Trust would have received had the accounting error not been made.
Thus, the trial court acted properly in granting summary judgment in favor of John H. Maginnis dismissing Gordon H. Maginnis’ suit.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.

. The duty of loyalty is succinctly delineated in LSA-R.S. 9:2082 and Louisiana State Law Institute Comment (c) thereunder.