458 So.2d 582 (1984)
Carroll CURTIS, et al., Plaintiffs-Appellants,
v.
Roland A. BREAUX, et al., Defendants-Appellees.
No. 83-913.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
*583 Porterfield and Simmons, John W. Porterfield, Jeanerette, for plaintiff-appellant.
Jacques Cousin, New Iberia, for defendant-appellee.
Before GUIDRY, LABORDE and YELVERTON, JJ.
GUIDRY, Judge.
Plaintiffs, principal and income beneficiaries of various testamentary trusts, by rule to show cause sought to have removed Roland A. Breaux and Guyton H. Watkins, as trustee and trust attorney, respectively. By consent judgment, the action against Guyton H. Watkins was dismissed. After trial on the merits, the trial judge rendered judgment in favor of defendant, Roland A. Breaux, and against plaintiffs, dismissing plaintiffs' action. Plaintiffs appeal.

FACTS
The last will and testament of Rosella Broussard Colletti was admitted to probate on July 8, 1976. In addition to other particular legacies, the will provides in pertinent part as follows for the establishment of the trusts in question:
"I give and bequeath, as a particular legacy, unto The State National Bank of New Iberia, as Trustee, in trust, for:
A. My grandson, John Michael Curtis, all investments in Iberia Savings and Loan Association standing in the name Rosella B. Colletti for John Michael Curtis, said trust to be known as the Rosella B. Colletti Trust for John Michael Curtis;
B. My grandson, Bryan Keith Curtis, all investments in Iberia Savings and Loan Association standing in the name Rosella B. Colletti for Bryan Keith Curtis, said trust to be known as the Rosella B. Colletti Trust for Bryan Keith Curtis;
C. My grandson, Richard James Curtis, all investments in Iberia Savings and Loan Association standing in the name Rosella B. Colletti for Richard James Curtis, said trust to be known as the Rosella B. Colletti Trust for Richard James Curtis; and
D. My granddaughter, Allison Claire Curtis, all investments in Iberia Savings and Loan Association standing in the name Rosella B. Colletti Custodian for Allison Claire Curtis, said trust to be known as the Rosella B. Colletti Trust for Allison Claire Curtis....
I give and bequeath, subject to the foregoing, all of the rest of the property of *584 every nature and description that I own when I die unto the State National Bank of New Iberia, as Trustee, to hold in trust for the benefit of the beneficiaries named below in separate trusts.
The Trustee shall hold, manage, invest and reinvest for the benefit of my son, Carroll Curtis, Jr., a full one-third of all property of which I die possessed, said full one-third to be carved from the remainder or residue of my estate, real, personal or mixed. This trust is to be known as the Carroll Curtis, Jr. Trust and all of the income from this entire trust shall be paid to my son during his lifetime annually, or, at the Trustee's election, at more frequent intervals. My son shall have the full and unrestricted right to bequeath his entire interest. The trustee shall hold all of the remainder of my estate for the benefit of my aforenamed grandchildren. One-fourth thereof shall vest in the Rosella B. Colletti Trust for John Michael Curtis; one-fourth thereof shall vest in the Rosella B. Colletti Trust for Bryan Keith Curtis; one-fourth thereof shall vest in the Rosella B. Colletti Trust for Richard James Curtis; and the remaining one-fourth thereof shall vest in the Rosella B. Colletti Trust for Allison Claire Curtis.
As to the Carroll Curtis, Jr. Trust, the term of this trust shall be for his lifetime.
As to the trusts for each of my grandchildren, those trusts shall terminate when each grandchild shall arrive at his or her 30th birthday and at that time the corpus and accumulated income, if any, shall be delivered and/or paid to the beneficiary."
The decedent's nephew, Donald C. Broussard, was confirmed as executor of the succession which remained under administration for approximately two years. During the course of the succession proceedings, State National Bank declined the appointment as trustee of the testamentary trusts and Roland A. Breaux was appointed and confirmed as trustee in September of 1977. A judgment of possession and recognition of the testamentary trusts was signed on February 1, 1978 and the executor was discharged in August of 1978.
The trustee was sent into possession of the following properties: rental property on Weeks Street in the City of New Iberia consisting of two rental units; rental property on Trotter Street in the City of New Iberia consisting of four rental units; a home located in Lafayette Parish near Youngsville, Louisiana; land and mineral interests near Weeks Island, Louisiana; sixty shares of Gulfco stock; 400 shares of stock of Iberia Savings and Loan Association; cash and savings funds; certain promissory notes; furniture located in the rental apartments; and some jewelry.
The Weeks and Trotter streets properties were valued in the succession inventory at $46,200.00 and $24,000.00, respectively. The trustee ordered a subsequent appraisal for the purpose of selling the Trotter and Weeks streets properties. In this later appraisal, the Weeks and Trotter streets properties were valued at $50,000.00 and $27,000.00, respectively. The trustee sold the Trotter Street property on April 13, 1978 to Roland Broussard, the former executor's son, and the Weeks Street property on September 1, 1978 to Rita and Edwin J. Viator, the sister and brother-in-law of the former executor, at the higher appraised prices. The furniture located in the rental apartments was sold along with the properties. The proceeds from the sales were subsequently invested in money market certificates.
Pursuant to a judgment of March 27, 1981 in favor of the trust beneficiaries, the trustee was directed to deliver the jewelry which formed a part of the corpus of the several trusts to the beneficiaries, who, upon delivery, signed a written receipt and release for same. Other than the foregoing divestitures, at the time this suit was filed, the corpus of the several trusts consisted of the properties heretofore mentioned plus the proceeds derived from the sale of the Trotter and Weeks streets properties.
*585 On June 30, 1981, plaintiffs filed this suit seeking removal of the trustee based on LSA-R.S. 9:1789, which provides:
"A trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause shown."
The trust instrument does not make provision for removal of the trustee.
In the trial court, plaintiffs averred that the trustee should be removed for cause urging that the trustee was guilty of mismanagement of the trust properties. Principally, plaintiffs complained of the sale of the rental properties by the trustee; the trustee's failure to maintain five separate and distinct trusts; the trustee's failure to properly account to the beneficiaries; and, the trustee's actions in improperly charging expenses against income instead of principal.
In oral reasons for judgment, the trial court concluded in general terms that, although the evidence revealed some violations of the trust code, such violations were largely technical in nature and inconsequential to the interests of the beneficiaries. The trial court further concluded that the trust was well managed by the trustee, and that there was insufficient cause shown for removal. Accordingly, plaintiffs' suit was dismissed. Plaintiffs appeal. We affirm.

SALE OF RENTAL PROPERTY
Plaintiffs allege that the sale of the rental properties was made solely for the trustee's ease of management and/or in the interest of the vendees at prices inadvantageous to the beneficiaries, resulting in a loss of income to the beneficiaries.
In managing trust property, a trustee is required to exercise such skill and care that a man of ordinary prudence, discretion and intelligence would exercise in the management of his own affairs. La. R.S. 9:2090 and 2127. The trustee is bound to administer the trust solely in the interest of the beneficiaries. La.R.S. 9:2082. La. R.S. 9:2085 prohibits the trustee from buying or selling trust property directly or indirectly from or to himself, his relative, employer, employee, partner or other business associate. These provisions of the Trust Code evidence the intention of the legislature to place the very highest fiduciary responsibility on the trustee towards the beneficiaries. Succession of Dunham, 408 So.2d 888 (La.1981).
As aforestated, prior to the sale of the Trotter and Weeks streets properties, the defendant obtained an updated appraisal from Mr. Louis Darby. The record reflects that Louis Darby has been involved in real estate appraisals in New Iberia for over 20 years. Darby conducted a market value appraisal based on comparable sales, and appraised the Weeks Street property at $50,000.00 and the Trotter Street property at $27,000.00. Shortly after each appraisal was made, the trustee sold the property at their respective appraised values without the necessity of employing a realtor whose fee would have amounted to six (6%) percent of the sales price.
At trial, plaintiffs introduced the expert testimony of Mr. George Parker who, based on a cost analysis, valued the Weeks property at the time of the sale at $94,000.00 and the Trotter Street property at $39,000.00. On this issue, defendants introduced the expert testimony of Louis Darby who testified in support of his previous appraisal.
We find insufficient proof that the sales were made in the trustee's interest or the interest of the vendees rather than that of the beneficiaries in contravention of La. R.S. 9:2082 and 2085. The mere fact that the vendees are related to the former executor of the estate, an admitted friend of the trustee, is insufficient to prove that the trustee acted in the interest of the vendees rather than that of the beneficiaries, particularly in light of the overall prudence of the sale.[1] Nor do we find the mere allegation *586 that the sales were made solely for the trustee's ease of management persuasive. The trustee testified that he considered the costs of hiring someone to collect rentals and perform managerial duties in his decision to sell the properties.
The stated reasons of the trustee for selling the rental properties and placing the proceeds at interest are as follows: (1) considering insurance, maintenance, management fees and vacancies, a greater net income to the beneficiaries would be realized by a sale of the properties; and, (2) considering that the grandchildren's trusts would terminate upon reaching the age of thirty and that their interests in the property were undivided, easily liquidated assets were preferable to real estate.
Plaintiffs argue that assuming consistent rentals, low maintenance, and a return of only seven (7%) percent interest on the invested proceeds, a greater income from rents would have been realized by the beneficiaries than from interest. However, plaintiffs failed to introduce evidence of these facts and plaintiffs' argument is mere speculation. Indeed, the record indicates that the proceeds were invested at a considerably higher interest rate than seven (7%) percent. In any event, the production of income is not the sole purpose of the trust. The test is not that the trustee always have his judgment vindicated by the market, but that he exercise the skill and care of a prudent administrator. Holladay v. Fidelity National Bank of Baton Rouge, 312 So.2d 883 (La.App. 1st Cir. 1975). We conclude that the record reveals that the evidence was insufficient to prove a breach of the prudent administrator standard in contravention of La.R.S. 9:2090 and 2127.

FAILURE TO MAINTAIN FIVE SEPARATE AND DISTINCT TRUSTS
Plaintiffs contend that the trustee failed to establish five separate and distinct trusts, one for Carroll Curtis and one for each of the grandchildren pursuant to the directives of the testatrix. According to plaintiffs, the individual trusts of the grandchildren, pursuant to the testamentary trusts, were to be comprised of the sums on deposit at a local bank in the names of the various grandchildren together with their share of the residuum of the estate. Plaintiffs complain that the trustee has failed to distribute the individual shares of the residuum of the estate into the respective trusts, resulting in the inability of each beneficiary to determine the exact amount of the corpus of his trust.
The sums on deposit at the local bank in the names of the various grandchildren were devised in trust by particular legacy. The residue of the Rosella B. Colletti estate was left undivided in trust to the five Curtis beneficiaries. This residue consisted of real estate, cash, stock and jewelry. Because these properties were not all divisible in kind, the trustee explained that for accounting purposes he accounted for the property as a whole and assigned the appropriate percentage interest to each trust. When called upon to give the principal balance of the Bryan Keith Curtis trust, the trustee had only to review his records and promptly came up with the figures. The trustee also noted that he was able to secure better interest rates by maintaining one large deposit of all trust funds rather than dividing it up into five smaller deposits. We find appellants' contention that the trustee has maintained a common trust fund which does not comply with the requirements of La.R.S. 9:2128 without merit.
Although it can be argued that the action of the trustee in failing to maintain such properties forming part of the residuum of the Colletti estate as are divisible in kind in separate trusts constitutes a violation of the provisions of the testamentary trusts and/or the trust code, we, like the trial judge, conclude that such action would at best constitute a technical violation of the *587 testamentary trusts and/or trust code. Further, in this regard, the record reflects that such action by the trustee enured to the benefit rather than to the detriment of the beneficiaries and cannot be considered as sufficient cause for removal of the trustee.

FAILURE TO PROPERLY ACCOUNT TO THE BENEFICIARIES
Plaintiffs contend that the trustee should be removed for failure to provide the beneficiaries with proper annual accountings in compliance with La.R.S. 9:2088, which provides as follows:
"A. A trustee is under a duty to a beneficiary to keep and render clear and accurate accounts of the administration of the trust.
B. A trustee shall render to a beneficiary or his legal representative at least once a year a clear and accurate account covering his administration for the preceding year. His first annual account shall relate to the calendar year during which he became responsible for the trust property, or, at his option, the first accounting period of not more than twelve months and shall be rendered within ninety days after the expiration of that calendar year or accounting period. Each annual account shall show in detail all receipts and disbursements of cash and all receipts and deliveries of other trust property during the year, and shall set forth a list of all items of trust property at the end of the year."
During the course of his trusteeship, Roland Breaux prepared and supplied to the beneficiaries, income tax statements on the income earned and disbursements made on the various trusts. In addition, each income check disbursed by the trustee was accompanied by a statement of the amount of principal from which this income was derived, as well as the location of the account. These statements were mailed to each beneficiary quarterly until 1980 and monthly thereafter. In March of 1981, Bryan Keith Curtis requested a more detailed accounting which he received on July 11, 1981, after this suit was filed.
We find that the income tax statements and the abbreviated statements accompanying disbursements to the beneficiaries are insufficient to constitute compliance with the detailed annual accounting required by La.R.S. 9:2088. However, we find no error in the trial judge's conclusion that the trustee's initial failure to strictly comply with La.R.S. 9:2088 did not constitute sufficient cause for removal. A detailed accounting was supplied to the beneficiaries within reasonable delays once requested. The trustee explained his actions as an attempt to avoid the additional expense of preparing same. We are unable to conclude that this non-compliance with La.R.S. 9:2088 constitutes a breach of defendant's fiduciary duty.

IMPROPERLY CHARGING EXPENSES AGAINST INCOME INSTEAD OF PRINCIPAL
Relying on La.R.S. 9:2156(C)(3), plaintiffs assert that a certain penalty for early withdrawal of a certificate of deposit should have been charged against trust principal rather than income, and that the trial judge erred in failing to find non-compliance with this provision sufficient grounds for removal.[2]
The trustee explained his reasons for charging the penalty against income rather than principal as follows: The interest produced on a certificate of deposit is income and was being paid monthly to the trustee. When the decision was made to withdraw the certificate of deposit before maturity, there was a recalculation of interest in accordance with the terms of the certificate of deposit, and some of the interest already paid thereon had to be returned to the Bank. Thus, the certificate was not sold for less, but some of the interest which accrued thereon was unearned and had to *588 be paid back. Thus, the trustee reasoned that this was not an expense but a loss of income.
Whether or not the trustee was legally correct in this judgment, the reasons stated are sufficient to demonstrate that the trustee acted as a prudent administrator. To hold otherwise would burden a trust with the expenses for a legal opinion everytime a trustee exercised his judgment.
We agree with the trial judge that La.R.S. 9:1789 contemplates more than mere technical violations of the trust code as grounds for removal.
In sum, we find no abuse of discretion or manifest error in the trial judge's findings that there exists no "substantial cause" for removal of the trustee and trust attorney. In the absence of manifest error or abuse of the trial court's discretion on such findings of fact, we must affirm. Canter v. Koehring, 283 So.2d 716 (La. 1973).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Although the trial judge makes no specific mention of either appraisal in his reasons for judgment, it is reasonable to assume that, in considering this issue, he accepted the appraisal figure offered by Mr. Darby over that suggested by Mr. Parker. Our careful review of the evidence in this regard reveals no abuse of discretion in the trial court's apparent acceptance of the Darby appraisal.
[2] Plaintiffs do not complain of the penalty assessed because of the early withdrawal. In fact, the record reflects that the early withdrawal was made with the full knowledge and consent of the plaintiffs.