CARTER, Judge.
This is an appeal from a trial court judgment denying a trust beneficiary’s motion to compel accounting.
FACTS
Alvin R. Albritton (Grandfather) died on December 3, 1957, leaving a will which placed the naked ownership of certain property in a trust for the benefit of his grandchildren, one of whom is appellant, Alvin H. Albritton. Grandfather’s will designated his sons, Dr. A. Stirling Albritton, appellant’s father, and William Louis Albritton, appellant’s uncle, as trustees.[1] Grandfather’s will also gave each of his sons usu-fruct over one-half of the estate.
In 1988, appellant filed a rule for accounting. On March 11, 1988, the trial court ordered the trustees to furnish appellant with all tax returns since 1958, an accounting for the previous year, and yearly accountings from March 11, 1988, forward.[2]
On March 23, 1990, appellant filed a “Motion to Compel Accounting and for Attorney’s Fees and Sanctions.” In his motion, appellant complained that he had not received several of the tax returns required by the March 11, 1988 court order and that he had not received an accounting for 1989.[3] By judgment dated June 13, 1990, the trial court denied the “Motion to Compel Accounting and for Attorney’s Fees and Sanctions.” In oral and written reasons for judgment, the trial court stated that the trustees had substantially complied with the previous court order. As a result, the trial court denied appellant’s motion to compel the accounting and denied his request for attorney’s fees and sanctions.
From this adverse judgment, appellant appeals, assigning the following errors:
1. The trial court erred in denying appellant’s Motion to Compel Accounting.
2. The trial court erred in refusing to cast the trustees for attorney’s fees, sanctions, and court costs.
ACCOUNTING
A trustee is under a duty to a beneficiary to keep and render clear and accurate accounts of the administration of the trust. LSA-R.S. 9:2088 A. Additionally, LSA-R.S. 9:2088 B provides that:
A trustee shall render to a beneficiary or his legal representative at least once a year a clear and accurate account covering his administration for the preceding year. His first annual account shall relate to the calendar year during which he became responsible for the trust property, or, at his option, the first accounting period of not more than twelve months and shall be rendered within ninety days after the expiration of that calendar year or accounting period. Each annual account shall show in detail all receipts and disbursements of cash and all receipts and deliveries of other trust property during the year, and shall set forth a list of all items of trust property at the end of the year.
In the instant case, on April 26, 1990, pursuant to the trial court’s order, the trustees provided an accounting which contained the 1989 form 1041 (federal) fiduciary tax return concerning the trust, a statement of transactions involving stocks *25 in the trust, and a listing of the real estate of the trust.[4] Appellant claims that, this accounting was insufficient. Specifically, appellant complains that information abo.ut dividends and interest income was inadequate, that a payment of $18,391.00 for attorney’s fees and accounting and tax preparer fees should be accounted for, that the accounting was untimely, and that the trustees had failed to furnish tax returns for several years.
A. CASH DIVIDENDS AND INTEREST INCOME.
Generally, interest income and cash' dividends are civil fruits and belong to the usufructuary. LSA-C.C. arts. 5S1 and 552. Because only the naked ownership of the property was placed in the trust, the civil fruits of the property, namely interest income and cash dividends, were not trust property. The interest income and cash dividends derived from the trust property were owned by the usufructuaries. As the interest income and cash dividends were not trust property, the trustees were not required by LSA-R.S. 9:2088 to provide an accounting to the trust beneficiaries concerning these items.
Although the interest income is a civil fruit of the trust property, the property from which the interest is earned is trust property. The fiduciary tax return reports interest income of $891.00 from the trust property. Because interest is the civil fruit of a cash item, the existence of interest income indicates that the trust corpus contained some cash items. Therefore, we find that the trustees should file an amended accounting identifying the source of funds from which the interest accrued and detailing any and all receipts and disbursements of cash items in the trust.
B. DISBURSEMENT FOR ATTORNEY’S FEES AND ACCOUNTING AND TAX PREPARATION FEES.
Appellant contends that the trial court erred in failing to require the trustees to account for $18,391.00 -listed on the 1989 fiduciary tax return as “attorney, accountant and return preparer fees.” The fiduciary tax return indicates that $18,-391.00 was treated as a deduction against income from the trust. However, there is no evidence that the trust corpus was violated in order to pay these costs. Because the $18,391.00 was not a receipt, disbursement, or delivery of property of the trust, LSA-R.S. 9:2088 does not require the trustees to account for this item.
C. TIMELINESS OF ACCOUNTING.
Appellant contends that the April 26, 1990 accounting provided by the trustees was not timely. LSA-R.S. 9:2088 sets forth a time for rendering the first annual accounting; however, the statute does not dictate precisely when annual accountings should have been made after the March 11, 1988 court order. The 1987 and the 1988 accountings have not been contested. The 1989 accounting was provided near the time federal taxes were due, and within 90 days of the anniversary of the March 11 court order. In light of the complexity of the information involved, the trial court apparently determined that the accounting provided April 26,1990; was made available to the appellant within reasonable delays. We agree. Cf. Curtis v. Breaux, 458 So.2d 582, 587 (La.App. 3rd Cir.1984). Any untimeliness of the accounting was not of a degree that would render the accounting insufficient.
D. MISSING TAX RETURNS.
In the motion to compel accounting, appellant contended that the trustees failed to furnish tax returns for 1959, 1960, 1966, and 1975. After the original judgment in 1988 requiring the trustee to furnish the income tax returns for the past thirty years, the trustees provided all but four returns. At the hearing on the motion, the trustees agreed to continue efforts to obtain the missing records. Although failing to comply strictly with the trial court’s *26 ruling, the trustees substantially complied with the judgment. The trial court determined that the omission of four of thirty required tax returns did not amount to a violation of the prior court order. We agree. Cf. Curtis v. Breaux, 458 So.2d at 587 (stating that failure to comply strictly with the letter of Trust Code’s accounting requirements did not necessarily result in breach of duty to account).
ATTORNEY’S PEES AND SANCTIONS
No statutory or contractual provision requires the assessment of attorney’s fees against the opposing party in this case. The trustees’ opposition to the motion to compel accounting was well-founded. Therefore, we find that the trial judge correctly refused to assess attorney's fees or impose sanctions against the trustees.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to require the trustees to identify the cash items in the trust and to account for any and all disbursements and receipts of trust cash items. In all other respects, the judgment of the trial court is affirmed. Appellant is cast with costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. Ms. Hallie H. Box later replaced William Louis Albritton as a trustee.

.The trial court's March 11, 1988 ruling was not appealed and is now final.

.The trustees provided an accounting on April 26, 1990.

. According to the trustees, there were no purchases or sales of immovable trust property during the year 1989.