Dear Mr. Brame:
You have requested an opinion of the Attorney General regarding the Rapides Finance Authority (the "Authority"), a public trust created pursuant to R.S. 9:2341, the beneficiary of which is the Rapides Parish Police Jury (the "Parish"). You specifically ask whether it is legally permissible to amend the Authority's Trust Indenture (the "Indenture") to reduce the number of Trustees serving on its Board, the practical effect of which would be to remove one or more of the sitting Trustees, prior to the expiration of their terms, without "cause".
The public trust, in question, was created pursuant to R.S.9:2341, et seq. (the "Act"). Paragraph A of said section provides, in pertinent part, the following:
 "A. Express trusts may be created or amended to issue obligations and to provide funds for the furtherance and accomplishment of any authorized public function or purpose of the state or of any parish, municipality, political or governmental subdivision or any other government or unit in the state . . . by and with the . . . (2) express approval of a majority of the membership of the governing authority of the beneficiary and the State Bond Commission or its successor if a parish or municipality or a political or governmental subdivision thereof is the beneficiary;"
Section 2342(A) provides that the trusts authorized hereinabove shall be created, organized, structured and empowered by written instruments or by will. In addition, Paragraph B further provides for the amendment of trust instruments as follows:
 "B. No public trust in which the State of Louisiana, and any state agency, any parish or municipality, or any other political or governmental unit in the state is the beneficiary may be amended without a two-thirds vote of approval of the trustees of such trust. Provided further, that any such amendment shall be subject to approval as provided in Subsection (A) of Section 2341 of this Chapter."
R.S. 9:2343(C) provides with regard to the contents of the trust indenture as follows:
 "C. Except as provided in R.S. 9:2343(F) for `ex officio' trustees who are members of the Louisiana legislature, any instrument or will creating a trust which is not within the scope of R.S. 9:2343(B) shall provide for the appointment, succession, powers, duties, term, manner of removal and compensation of the trustees subject to the provisions of Subsection F hereof, and in all such respects the terms of said instrument or will shall be controlling."
Paragraph (F) provides with regard to trustees, in pertinent part, the following:
 "F. (1) Trustees of any public trust hereafter created . . . shall be the members of the governing authority of the beneficiary or persons appointed by the governing authority of the beneficiary. . . .
 (2) Trustees of any public trust hereafter created may be removed from office for cause, including incompetency, neglect of duty, or malfeasance in office, by a district court having jurisdiction.
 (3) In the case of persons appointed by the governing authority of the beneficiary . . . such persons shall be appointed for a term not in excess of six years, and shall be subject to removal for cause, as aforesaid, by or at the will of the beneficiary." (Emphasis added.)
Turning now to the Authority's Indenture, dated December 14, 1978, Article VII, entitled, "THE TRUSTEES", provides, in pertinent part, the following:
 "7.1 The affairs of the Trust shall be conducted and administered by a Board of Trustees consisting of thirteen (13) trustees who shall be residents of the Parish.
 7.2 The initial Trustees shall be the thirteen (13) individuals whose names are listed below. The designation of these individuals to serve on the initial Board of Trustees is conditioned upon their being appointed as Trustees of the Trust by resolution of the governing body of the Parish. . . . Each such Trustee shall serve for a term commencing on the date on which he qualified as a Trustee under the terms of and in accordance with the Trust Indenture and the Act and ending at midnight of September 30 of the year specified opposite their names . . . . Thereafter, all successor Trustees shall serve for a term of six (6) years commencing with the date of their appointment by the governing body of the Parish and ending on the sixth anniversary of the date of expiration of their predecessor's term of office.
 * * *
 7.4 In the event of the removal of any Trustee through death, disability, resignation, incompetency, neglect of duty, malfeasance in office or otherwise, or in the event that the number of Trustees shall be increased by amendment hereto in accordance with the Act, then in either such case, the Chief Executive Officer of the Parish shall nominate and the governing body of the Parish shall appoint the successor or additional trustees to the Board of Trustees in accordance with the provisions of this Trust Indenture and the Act.
 7.5 The Trustees shall make and adopt By-laws for the due and orderly administration and regulation of the affairs of the Trust, and shall submit such proposed By-laws and any amendments thereto to the governing body of the Beneficiary for approval in accordance with the Act.
 * * *
 7.19 All Trustees shall be subject to removal at any time for cause by resolution duly adopted by the governing body of the Parish. A certified copy of such resolution removing a Trustee shall be filed in the permanent records of the Trust and in the Official Records of the office of the Clerk of Court of the Parish. The successor Trustee to any Trustee so removed shall be appointed in the manner set forth in Section 7.4 hereinabove." (Emphasis added.)
Article XI of the Indenture provides, in pertinent part, with respect to its amendment, as follows:
 11.1 The Beneficiary of this Trust shall be the Parish of Rapides, State of Louisiana. Settlor now declares that this Trust Indenture shall be irrevocable from the moment it is signed by him and accepted by the Beneficiary, and the Settlor shall not at any time alter, amend, revise, modify, revoke or terminate any of the provisions of this Trust Indenture, except this Trust Indenture may be supplemented or amended from time to time in accordance with the Act. (Emphasis added.)
Additional provisions relating to the Indenture's amendment appear in Article XII which provides the following:
 "This Trust Indenture may be amended from time to time in any particular hereafter in accordance with the provisions of the Act and any agreements with any bondholders of the Trust." (Emphasis added.)
After the execution of the Indenture, the Parish adopted a Resolution to approve the creation of the Authority and to appoint the Trustees. By-laws were subsequently enacted and adopted. Article IV, Section 4.2 of the By-laws provides the following with respect to the removal of the Trustees:
 "4.2 Trustees of the Authority shall be removed from office by death, resignation, or for other cause as provided in the Trust Indenture, or by judicial determination of mental incapacity, or upon final conviction of a felony or as otherwise provided by law." (Emphasis added.)
As can be gleaned from the above discussion, R.S. 9:2342(B) predicates the amendment of the Authority's Indenture upon a two-thirds vote of the Trustees, as well as the express approval of the governing authority of the Beneficiary (i.e., the Police Jury) and the State Bond Commission, as per Section 2341(A)(2).
Section 11.1 of the Indenture expressly provides that the instrument can be amended pursuant to the statutory provisions of the Act enumerated above. Article XII broadly stipulates that the Indenture can be amended in any particular. We are of the opinion that, among the "particulars" of the Indenture subject to amendment is the requisite number of members who serve on the Board of Trustees as provided in Article VII. Accordingly, this number may be increased or decreased by a duly enacted amendment.
It is fundamental that a trust instrument be interpreted in a manner that will give effect to all its provisions. R.S.9:1753. With this in mind, we focus now upon the provisions relating to the removal of trustees.
The Act provides for the removal of the Authority's Trustees "for cause, including incompetency, neglect of duty or malfeasance in office." The Indenture similarly provides in Section 7.4 for the removal of any Trustee "through death, disability, resignation, incompetency, neglect of duty, malfeasance in office or otherwise" and, in Section 7.19, "at any time for cause." (Emphasis added.)
The Authority's By-Laws mandate removal from office by "death, resignation or for other causes as provided in theTrust Indenture or by judicial determination of mental incapacity or upon final conviction of a felony or asotherwise provided by law." (Emphasis added.)
One could argue that the modifying phrases underlined above render merely illustrative the specific examples enumerated therewith, and that "cause" includes removal accomplished by way of diminution through amendment, alone. We disagree for two reasons.
First, it is a fundamental principle of statutory construction that the meaning of a word or phrase may be associated by reference to the meaning of other words or phrases with which it is associated. Under the doctrines of noscitura sociis and ejusdem generis, general words and/or phrases such as "including", "other, etc." and "otherwise", preceding or following an enumeration of particular or specific classes must take color from the specific, so that the general words are restricted to a sense analogous to the less general. In other words, the general words should be applied only to such classes of things of the same general kind of those specifically enumerated. Board of Trustees of the East Baton RougeMortgage Authority v. All Taxpayers, et al., 336 So.2d 306
(La.App. 1st Cir. 1976) Rehearing Denied and B. W. S. Corpv. Evangeline Parish Police Jury, 293 So.2d 233 (La.App. 3rd Cir. 1974).
Second, the Louisiana Trust Code (the "Code") provides, in general, for the removal of trustees in R.S. 9:1789:
 "A trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient causes
shown." (Emphasis added.)
The jurisprudence of this state has uniformly held that a trustee is required to exercise such skill and care that a man of ordinary prudence, discretion and intelligence would exercise in the management of his own affairs. The trustee is bound to administer the trust solely in the interest of the beneficiary. The Code contemplates more than mere technical violations of its provisions as "cause" for removal. Curtis v. Breaux, etal., 458 So.2d 582 (La.App. 3rd Cir. 1984) Rehearing Denied.
In Maginnis v. Maginnis, 449 So.2d 573 (La.App. 1st Cir. 1984) Rehearing Denied, the Court held that an error in the distribution of a succession to three separate trusts resulting from an accounting error made by the CPA firm selected by the Trustee, and not through fraud, bad faith or breach of duty or loyalty on the part of the Trustee, was not an error for which the Trustee could be held responsible, either in damages or by removal.
In summary, it is the opinion of this office that the Trust Indenture of the Rapides Finance Authority may be amended to reduce the number of Trustees who serve on the Board. However, the amendment, itself, could not have the effect of removing sitting Trustees prior to the expiration of their terms of office. Such removal must be for "cause" as that term is defined by law and/or the Authority's Indenture and By-laws, and as more fully discussed and interpreted by the jurisprudence of this State.
Finally, as previously noted, any amendment of the Indenture requires a two-thirds vote of approval of the Board of Trustees [R.S. 9:2342(B)], and the express approval of a majority of the membership of the governing authority of the beneficiary (i.e., the Parish) and the State Bond Commission [R.S. 9:234(A)].
Trusting this adequately responds to your inquiry, I am,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III, cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General