836 So.2d 322 (2002)
Carl J. FONTENOT, on Behalf of His Minor Child, Michael C. FONTENOT
v.
Catherine A. CHOPPIN, Trustee, and the Michael C. Fontenot Trust.
No. 2002 CA 0082.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*323 Tami Tucker York Baton Rouge, Counsel for Plaintiff/Appellee Carl J. Fontenot, on behalf of his minor child, Michael C. Fontenot.
Joseph A. Perrault, Jr. Baton Rouge, Counsel for Defendant/Appellant Catherine A. Choppin.
Before: CARTER, C.J., WHIPPLE and CIACCIO,[1] JJ.
CIACCIO, J.
Carl J. Fontenot filed the present action, on the behalf of his minor son, Michael C. Fontenot, seeking the removal of his sister-in-law, Catherine A. Choppin, as Trustee of the Michael C. Fontenot Trust, of which Michael was named the beneficiary. Fontenot filed a motion for summary judgment. Choppin appeals the trial court's judgment granting Fontenot's motion. For the reasons stated below, we affirm and remand the case to the trial court.

FACTS
In 1996, Margaret Choppin Fontenot, Carl's wife and Michael's mother, established an Irrevocable Inter Vivos Trust, the Michael C. Fontenot Trust. Catherine Choppin, Margaret's sister, was designated as the Trustee. Margaret died in November 1999.
In January 2001, Carl J. Fontenot (Fontenot), on the behalf of his son Michael, filed an action to remove the Trustee and to appoint a Successor Trustee. Fontenot asserted that Choppin failed to carry out her duties as Trustee in the following aspects: 1) failing to maintain and monitor an IRA account which names the Michael C. Fontenot Trust as beneficiary, 2) failing to properly supervise the proceeds of a life insurance policy which were distributed to the Trust by simply depositing them in an interest bearing checking account rather than taking steps to invest these Trust funds, 3) failing to render clear and accurate accounts of the administration of the Trust, despite numerous requests, 4) failing to render an annual accounting for preceding years, as provided by Louisiana Revised Statute 9:2088, 5) failing to provide an accurate value and a complete list of the contents of the Trust, and 6) failing to disperse funds from the Trust for educational expenses, contrary to the provisions of the Trust. Choppin answered the pleading denying the allegations and asserting that she had exercised the proper care and skill necessary to maintain the Trust.
Fontenot filed a motion for summary judgment and contended, in addition to the allegations asserted in the initial filing, that Choppin failed to submit accurate income tax returns on behalf of the Trust for the years 1999 and 2000. He alleged that the tax forms reflected that the Trust did not have any income in those years, but in her answers to interrogatories Choppin indicated that certain interest bearing accounts had accrued interest. After a hearing, the trial court rendered a judgment granting Fontenot's motion for summary judgment, removing Choppin as the Trustee, and ordering her to render an accounting of the Trust to the court within *324 ten days of the judgment.[2] Choppin filed a suspensive appeal.
Choppin asserts that the trial court erred in granting Fontenot's motion for summary judgment by finding 1) that she violated the Trust provisions of the Louisiana Revised Statutes, 2) that there were no issues of material fact regarding her actions in rendering an accounting of the Trust pursuant to Revised Statute 9:2088, and 3) that there were no issues of material fact regarding her actions as a prudent Trustee, pursuant to Revised Statute 9:2090.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate.[3] A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."[4] Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends.[5]
A violation by a Trustee of a duty she owes to a beneficiary, as Trustee, is a breach of trust.[6] A Trustee shall administer the Trust solely in the interest of the beneficiary.[7] A Trustee in administering a Trust shall exercise such skill and care as a person of ordinary prudence would exercise in dealing with her own property.[8] A Trustee is under a duty to a beneficiary to take reasonable steps to take, keep control of, and preserve the Trust property.[9]
A beneficiary of a Trust may institute an action to remove a Trustee according to the provisions of the Trust instrument or by the proper court for sufficient cause shown.[10] The law contemplates more than a mere technical violation of the Trust Code as grounds for removal of a Trustee.[11]
The nature and extent of a Trustee's duties are determined from the provisions of the Trust instrument, except as otherwise expressly provided in the Trust Code.[12] Paragraph 6.3 of the Trust instrument states, "The Trustee shall render such accounting[s] as are required by law." Louisiana Revised Statute 9:2088(B) requires the Trustee to make an accounting to the beneficiary or his legal representative at least once a year. Paragraph 2.3 of the Trust instrument required Choppin to disperse income from the Trust for Michael's education and support.[13] From *325 May 1999 until the filing of this action, Michael Fontenot received no income from the Trust, he was not provided with an annual accounting, he was not allowed to inspect the records pertaining to his Trust. In addition the Trustee had failed to collect all of the assets of the Trust and had filed inaccurate income tax returns. During the hearing, counsel for the Trustee admitted to the correctness of these facts. Accordingly, we find Choppin's assignments of error lack merit.
We find that the Trustee's multiple violations of the mandates of the Trust Code and of the terms of the Trust instrument comprise sufficient grounds for the removal of the Trustee and for the order that she render a final accounting, and that Fontenot was entitled to judgment as a matter of law. Accordingly, we find no error in the trial court's judgment.

CONCLUSION
The judgment of the trial court is affirmed. The matter is remanded to the trial court for further proceedings. All costs are assessed against appellant, Catherine A. Choppin.
AFFIRMED AND REMANDED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The trial court suspended the judgment pending its appointment of a Successor Trustee.
[3] Terrebonne v. Floyd, 99-1036, p. 5 (La.App. 1st Cir.5/23/00), 767 So.2d 754, 756-757, writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 549.
[4] La. C.C.P. art. 966(B).
[5] La. C.C.P. art. 966(A)(2).
[6] La. R.S. 9:2081.
[7] La. R.S. 9:2082.
[8] La. R.S. 9:2090.
[9] La. R.S. 9:2091.
[10] See La. R.S. 9:1789; 9:2221.
[11] Curtis v. Breaux, 458 So.2d 582, 588 (La. App. 3rd Cir.1984).
[12] La. R.S. 9:2061.
[13] Paragraph 2.3 states:

The income of this trust shall be used for the education and support of the beneficiary as follows:
(a)To pay such educational expenses as are necessary to complete the private education of MICHAEL C. FONTENOT through High School.
(b)To pay for the educational expenses to include tuition, room, board, books, and other directly related educational expenses as are incurred in MICHAEL C. FONTENOT's pursuit of a college education.