591 So.2d 399 (1991)
Lee and Susan MASSON
v.
CHAMPION INSURANCE COMPANY, et al.
No. 90-CA-1535.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1991.
*400 Jerald N. Andry, Jr., Gilbert V. Andry, III, Andry & Andry, New Orleans, for plaintiffs/appellants.
A. Mark Flake, New Orleans, for defendant/appellee, Louisiana Ins. Guar. Ass'n.
Before SCHOTT, C.J., and BARRY and WILLIAMS, JJ.
BARRY, Judge.
Lee and Susan Masson appeal a judgment which maintained exceptions of no cause and/or no right of action in their suit for damages, and prescription as to Louisiana Insurance Guaranty Association. Appellants' motion for appeal concerns the July 23, 1990 denial of their motion for new trial, not the June 11, 1990 judgment which maintains the exceptions.
Generally, an order denying a new trial is not appealable. General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965); O'Neill v. Sumrall, 447 So.2d 1269 (La.App. 4th Cir.1984). Courts have held that denial of a new trial is not appealable absent a showing of irreparable injury. La.C.C.P. art. 2083; Scheffler v. Scheffler, 453 So.2d 960 (La.App. 5th Cir. 1984). Where the nonappealable issue is raised in conjunction with appealable issues, the nonappealable issue may be reviewed to achieve judicial economy and justice. See Mediamolle v. Kmart Discount Stores, 494 So.2d 1187 (La.App. 5th Cir. 1986).
It is clear from appellants' arguments that they intend to appeal the judgment which maintains the exceptions and the denial of the motion for new trial. The judgment maintaining the exceptions of no cause and/or no right of action and prescription is an appealable judgment which will be reviewed by this Court. See Elliott v. Merritt, 457 So.2d 1216 (La.App. 1st Cir.1984), writ denied 461 So.2d 315 (La. 1984).

PROCEDURAL HISTORY
On August 2, 1989 Lee and Susan Masson filed suit for breach of contract and damages against Champion Insurance Company in liquidation. Paragraphs 2 through 5 of the petition alleged:
2.
That on November 28, 1988, the defendant, through its authorized agent, Mike *401 Mazzocchi, entered into an oral contract with the plaintiff agreeing to pay the sum of $6,659.38, for property damage to petitioners [sic] vehicle and rental charges of $17.00, per day until said sum was paid. This agreement was confirmed in writing on November 28, 1988.
3.
Petitioner was never paid for this vehicle by the defendant nor did he receive any payment for rental fees from the defendant.
4.
On January 13, 1989, petitioner, Susan Masson, took off a day from work and went to Baton Rouge, Champion's home office, to see about payment. Petitioners were avoided by senior personnel there. When finally confronted, with the problem as set out herein above Mr. Mike Adamski, claims supervisor at Champion, had petitioner, Susan Masson, removed by a guard. Mr. Adamski returned petitioner's car to them and said that he would not pay as per the agreement of Mr. Mazzocchi, giving no further explanation.
5.
Petitioners ultimately collected $5,950.00, for the property damage under their own insurance policy less a $250.00 deductible. This amount is $709.38, less than Champion's agreement.
On January 25, 1990 the Massons filed a first supplemental and amending petition which added as a defendant the Louisiana Insurance Guaranty Association (LIGA), which had assumed representation of Champion. On March 30, 1990 LIGA filed an exception of no cause and/or right of action and alleged in its memo that it had "no liability to the plaintiffs due to the alleged breach of contract."
On April 20, 1990 the Massons filed a second supplemental and amending petition which added as defendants Automotive Casualty Insurance Company, Lee Masson's uninsured motorist carrier, and Michael A. Testa, the other driver and Champion Insurance, his insurer. The Massons alleged the following facts:
On or about November 7, 1988, your petitioner, Lee Masson, was driving his 1985 Ford pickup truck in a southerly direction on France Street in Orleans Parish. As he proceeded through the intersection of France Street and Burgundy Street, his vehicle was struck by a vehicle owned and operated by the defendant, Michael A. Testa. Michael A. Testa's vehicle had been traveling in a westerly direction on Burgundy and he failed to stop for a stop sign at the intersection of France and Burgundy Streets.
The petition alleged Testa's negligence and noted Champion's liability policy which insured Testa at the time of the accident. The petition alleged Champion's agreement to pay for the damages to Masson's automobile and the loss of use of the vehicle, and claimed LIGA's liability after Champion's liquidation. The Massons alternatively argued that if Testa was uninsured, they were entitled to recover from Automotive Casualty Insurance Company, the UM Carrier.
On May 7, 1990 LIGA filed an exception of prescription. The trial court maintained all of the exceptions, dismissed LIGA with prejudice, and denied Massons' motion for new trial.
The Massons argue that they have stated a cause of action against Champion, that their second supplemental petition should relate back to their original petition, and their cause of action has not prescribed.

THE LAW
Although the trial court maintained LIGA's no cause and/or no right of action exception, the exceptions are separate and distinct. Bellamy v. Garber Brothers, Inc., 472 So.2d 194 (La.App. 4th Cir.1985). The peremptory exception of no cause of action tests the legal sufficiency of the petition. For purposes of the exceptions' validity, all well-pleaded allegations of fact are accepted as true. La.C.C.P. art. 927(4); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Williams v. Touro Infirmary, *402 578 So.2d 1006 (La.App. 4th Cir.1991). No evidence is admissible to support or controvert those facts. La.C.C.P. art. 931; Kirkpatrick v. Young, 456 So.2d 622 (La.1984).
The exception of no right of action questions the plaintiff's interest to bring the suit. La.C.C.P. art. 927(5). A hearing may be held and evidence submitted. In re Tutorship of Werling, 459 So.2d 758 (La. App. 4th Cir.1984). The question is whether a remedy afforded by law can be invoked by a particular plaintiff. Hines v. Bick, 566 So.2d 455 (La.App. 4th Cir.1990), writ denied 571 So.2d 648 (La. 1990); Ricard v. State, 544 So.2d 1310 (La.App. 4th Cir.1989).
Tort actions are subject to a liberative prescription of one year which commences from the day of the damage. La. C.C. art. 3492. The Massons' original petition was filed within one year of the accident, November 7, 1988. The first and second amending petitions were not. Prescription had run as to the first and second amending petitions unless they relate back to August 2, 1989, the original filing date.
La.C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Art. 1153 is designed to permit an amendment if the original petition gives fair notice of the general fact situation out of which the amended claim arises. The out of time amendments need only be based on or factually relate to the conduct or occurrence already alleged. The defendant, through the original pleading, knows the general factual allegations and is put on notice that he should protect his rights. Tate, Amendment of Pleadings in Louisiana, 43 TUL.L.REV. 211, 233 (1969).
In order for an amendment which substitutes a defendant, to relate back to the filing date of the original petition, the following criteria must be met:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983). See also Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985) for the criterion to add or substitute a plaintiff.
When attempting to determine if an amendment relates back, the Supreme Court has looked to whether the added defendant had sufficient notice to preclude prejudice in his defense. Identity of interest between the original defendant and the added defendant in the amendment is a consideration. Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990).
La.C.C.P. art. 1153 is to be applied liberally and without restriction by technical rules. Spencer-Wallington v. Service Merchandise, Inc., 562 So.2d 1060 (La.App. 1st Cir.1990), writ denied 567 So.2d 109 (La.1990). The article only requires that the action arise from the occurrence "attempted to be set forth in the original pleading." Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Brown v. The City of New Orleans, 580 So.2d 1093 (La.App. 4th Cir.1991).
The purpose of a prescription statute is to afford a defendant economic and psychological security if a cause of action is not pleaded timely, and to protect the defendant from stale claims and the loss of relevant *403 proof. "They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period." (citations omitted). Giroir, 475 So.2d at 1045.

ANALYSIS
The Massons' original petition was a suit for a breach of Champion's authorized agent's oral agreement to pay for damage to the Massons' car and their rental charges. The obvious reason for the agent's agreement to pay was the automobile accident in which Champion's insured was liable. The only possible scenario was that the Massons agreed to accept $6,659.38 plus rental charges instead of filing suit against Champion's insured. The statement in the petition that Susan Masson went to Champion's office and the claims supervisor refused payment and returned the wrecked automobile clarified that an automobile accident was the basis for the suit. The petition further alleged that the Massons collected from their insurer, Automotive Casualty.
Champion was in liquidation at the time the original petition was filed and LIGA assumed Champion's liability. La.R.S. 22:1375 et seq. Champion's alleged agreement to pay was pleaded in the original lawsuit. The allegations in the original petition were sufficient to put Champion on notice of the facts surrounding the collision with Champion's insured. The first supplemental and amending petition which named LIGA relates back to the original filing.
LIGA argues that the second supplemental and amending petition alleged a new cause of action in tort and added two new defendants. This argument is without merit.
One defendant was Champion's insured, Michael Testa, who was on notice of the lawsuit and was solidarily liable with his insurance company. Prescription was interrupted as to Testa when suit was filed against his insurer. See Aetna Insurance Company v. Boh Brothers Construction Company, 365 So.2d 927 (La.App. 4th Cir. 1978). The other defendant was Automotive Casualty, Massons' uninsured motorist carrier, which was notified of the accident and paid benefits to the Massons according to the original petition. An amending petition asserting the negligence of the underinsured/uninsured driver and claiming the carrier's liability for that negligence can relate back to a timely filed petition. Courmier-Trahan v. Service Cab Company, Inc., 546 So.2d 513 (La.App. 4th Cir. 1989), writ denied 551 So.2d 1325 (La. 1989). The UM carrier is solidarily liable with the tortfeasor for purposes of prescription. Thomas v. Doe, 542 So.2d 740 (La.App. 4th Cir.1989), writ denied 544 So.2d 411 (La.1989).
La.C.C.P. art. 1153 should be liberally applied so that amendments relate back as long as they are based on the general fact situation originally pleaded. This is true even if a new and independent cause of action is pleaded, the amendment entirely changes the legal theory of the action, adds another claim arising out of the same occurrence, changes the capacity of the parties, adds or drops parties. Tate, 43 TUL. L.REV. at 231.
The original suit gave notice of a claim relating to the Massons' auto accident and the alleged agreement with the insurer. The first and the second supplemental petitions relate back to the original filing and the tort action is not prescribed.
The judgment maintaining the exceptions is reversed. The exceptions are overruled and the matter is remanded for further proceedings. All costs of this appeal are taxed against LIGA. Other costs to await the outcome of the appeal.
REVERSED; REMANDED.