617 So.2d 73 (1993)
JoAnn Audler, wife of/and Raymond AUDLER, Plaintiffs/Appellants,
v.
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS, et al., Defendant/Appellee.
No. 92-CA-1699.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Writ Denied June 4, 1993.
*74 R. Glenn Cater and Nancy Collins Cater, Cater & Willis, New Orleans, for plaintiffs/appellants.
James R. Sutterfield, Gregg L. Spyridon and Paul D. Palermo, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, for defendant/appellee.
Before KLEES, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiffs, JoAnn and Raymond Audler, appeal from the granting of summary judgment in favor of defendant, Board of Commissioners of the Port of New Orleans, hereinafter referred to as the Dock Board. Because we find that genuine issues of material fact exist, we reverse and remand this case for a trial on the merits.
On August 26, 1987, Raymond Audler was employed by Turner Marine Bulk, Inc. as a maintenance mechanic and was injured when the grating on a conveyor ramp collapsed. At the time of the accident, Audler was working at a marine bulk cargo terminal leased to Turner Marine Bulk by the Dock Board. Plaintiff and his wife filed suit in tort against the Dock Board and its liability insurer for injuries sustained in the accident.
The Dock Board filed a motion for summary judgment asserting two grounds:
1) that the Dock Board is Raymond Audler's statutory employer and is, therefore, immune from Audler's tort claim; and, alternatively,
2) that the Dock Board effectively delegated its responsibility for the condition of the premises to Turner Marine Bulk pursuant to R.S. 9:3221 and cannot be held liable to plaintiffs because it had neither actual nor constructive knowledge of the defective conveyor ramp.
The trial judge granted the defendant's motion for summary judgment but did not issue reasons for judgment.[1] Plaintiffs appeal this judgment.
On appeal, plaintiffs argue that, for three reasons, the trial judge erred.
1) the statutory employer defense is not available when an injured worker's compensation remedy is solely within the jurisdiction of the Longshore and Harbor Workers' Compensation Act;
2) genuine issues of material fact remain as to whether or not the Dock Board was Raymond Audler's statutory employer; and
3) genuine issues of material fact remain as to whether or not the Dock Board knew or should have known of the defects in the conveyor ramp.
An injured employee's receipt of compensation benefits pursuant to the Longshore and Harbor Workers' Compensation *75 Act (LHWCA) rather than state worker's compensation benefits does not preclude the availability of a statutory employer immunity defense in a state court tort claim. Under Louisiana law, even if an employee is receiving benefits under the LHWCA, the statutory employer defense is available in a state court tort claim as long as the accident occurred in an area subject to concurrent state and federal jurisdiction. Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226 (La.App. 4th Cir.1991), writ denied, 592 So.2d 1299 (La. 1992) and 592 So.2d 1300 (La.1992); Griffis v. Gulf Coast Pre-Stress Company, Inc., 563 So.2d 1254 (La.App. 1st Cir.1990), writ denied, 568 So.2d 1054 (La.1990).
Plaintiffs argue that there is no concurrent jurisdiction in this case. Their argument is primarily based on a ruling by the Louisiana Office of Worker's Compensation dismissing Raymond Audler's worker's compensation claim for lack of jurisdiction. Plaintiffs attached a copy of this ruling to their brief but it is not included in their opposition to defendant's motion for summary judgment or anywhere else in the trial court record. It cannot be considered on appeal. Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir. 1985). Similarly, the exhibits attached to defendant's brief in response to that ruling were not part of the trial court record and will not be considered by this court.
However, even if the ruling dismissing plaintiff's state compensation claim for lack of jurisdiction were properly before this court, that alone would not settle the question. The issue of whether the plaintiffs' compensation remedy is within the exclusive jurisdiction of the LHWCA involves a question of fact, which the record before us does not resolve. That factual question must be determined by the trial judge who can consider a ruling from the Louisiana Office of Worker's Compensation in conjunction with other evidence. However, assuming a resolution unfavorable to the plaintiff on this issue, we now turn to the question of whether or not the Dock Board has sufficiently shown that there exists no issue of material fact as to their status as a statutory employer.
Louisiana Revised Statute 23:1032 extends to a principal (statutory employer) the immunity from tort claims that the compensation act affords to employers. A principal is defined in La.R.S. 23:1061. That statute was amended in 1989 to confront and broaden the stricter standards for statutory employer status enunciated by our Supreme Court in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). However, this court has determined that the 1989 amendment is not to be given retroactive effect. Carter v. Chevron Chemical Company, 593 So.2d 942 (La. App. 4th Cir.1992), writ denied, 596 So.2d 211 (La.1992). Because the accident in this case occurred in 1987, the Berry standard is applicable.
In the Berry case, the Louisiana Supreme Court set forth guidelines to be used in determining if a statutory employment relationship exists between an employee of a contractor and the principal. The three part test was summarized in Carter v. Chevron Chemical Company, supra, as follows:
1) Is the contract work specialized? If so then as a matter of law the contract work is not part of the principal's trade, business, or occupation and the principal is not the statutory employer of the contractor's employee.
2) If the contract work is nonspecialized, compare the contract work to the principal's trade, business, or occupation to determine if the contract work can be considered part of the principal's trade, business or occupation.
3) If the contract work is part of the principal's trade, business, or occupation, was the principal engaged in the contract work at the time of the injury.
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4th Cir.1991). We initially note that the defendant did not address the issue of whether the contract work was specialized or nonspecialized, i.e. *76 did it require a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the field. Berry, supra at 938. We assume it was not raised because the Dock Board relied on the R.S. 23:1061 as it currently reads. The 1989 amendment made the "specialized or nonspecialized" inquiry irrelevant. However, for purposes of further discussion we will assume that maintenance work is non-specialized and continue the Berry analysis.
The defendant argues that Raymond Audler's work as a maintenance mechanic was essential to the Dock Board's trade, business or occupation, and thus it is Audler's statutory employer. This argument addresses the second inquiry in the Berry test.
In support the defendant cites R.S. 34:21 which authorized the Dock Board to "construct new wharves and other structures when necessary" and "to place and keep these wharves, landings, sheds and other structures in good condition." The Dock Board constructed the Public Bulk Terminal pursuant to this statutory authority.
The Dock Board attached a copy of its lease with Turner Marine Bulk and argued that its obligation under R.S. 34:21 was fulfilled when it contracted its responsibility for maintaining the terminal to its lessee, Turner Marine Bulk, who in turn hired plaintiff as a maintenance mechanic. Defendant cites the case of Devane v. The Board of Commissioners of the Port of New Orleans, 420 So.2d 1001 (La.App. 4th Cir.1982), in support of its position that plaintiff's immediate employer had contracted to carry out part of the Dock Board's trade, business or occupation.
We first note that the Devane case was decided prior to Berry. The second prong of the Berry inquiry included guidelines which the Supreme Court suggested as useful in determining if the contract work was part of the principal's trade, business or occupation. These factors include: 1) is the contract work routine or customary, i.e. regular or predictable; 2) does the principal have the equipment and personnel capable of performing the contract work; and 3) what is the practice in the industry relative to the contract work; Berry, supra at 938. Although the Berry court indicated that these inquiries were merely guidelines and are not absolute or rigid, the court concluded that the overriding question to be resolved is whether the contract work is, in the principal's business, normally carried on through employees rather than independent contractors.
In our opinion the evidence submitted in support of defendant's position on this inquiry does not conclusively show no genuine issue of fact exists. The statutory authority granted the Dock Board in R.S. 34:21 is certainly evidence of its "trade or business" but it is not conclusive. Neither are the depositions of Palmer Fraering or Leonard Spalluto. Based on the record before us, particularly the lease agreement, we cannot sufficiently conclude that the work Audler was performing was part of the Dock Board's trade or business.
Finally, the Berry case requires that in order to be classified as a statutory employer, a principal must show that it was engaged in the contract work at the time of the accident. In our opinion, there is insufficient evidence to show that the Dock Board was engaged in this business at the time of plaintiff's injury. Although the lease agreement requires Turner to perform routine maintenance, we cannot say that the Dock Board was also performing that same work with its own employees at that time. The language in R.S. 34:21 imposing a duty on the Dock Board to administer and maintain the terminal facility is not conclusive evidence that the Dock Board was actually engaging in the maintenance of this facility at the time of plaintiff's accident. A factual question remains.
Alternatively, defendant argued in its motion for summary judgment that, even if it is found not to be plaintiff's statutory employer, it is entitled to summary judgment because it cannot be held liable for any defective condition in its property because it effectively delegated its responsibility to maintain the premises to Turner Marine in its lease. Although a property owner is generally liable for defects in its property under LSA-C.C. art. 2695, the defendant points out that under *77 LSA-R.S. 9:3221,[2] a lessee may contractually assume the owner's responsibility for the condition of the premises thereby relieving the owner of liability for injuries caused by defects. Defendant claims that it cannot be liable for the collapse of the conveyor ramp because, in its lease with Turner Marine, Turner Marine assumed responsibility for the maintenance of the property.
The exception to the rule of R.S. 9:3221 is that, even if a property owner contracts away his responsibility for maintaining his premises to his lessee, the owner can still be held liable if he knew or should have known of a defect in the property and failed to remedy it within a reasonable time. The Dock Board claims that it is undisputed that it lacked either actual or constructive knowledge of the defect in the conveyor ramp. We disagree.
The evidence shows that in June 1986, one week before the inception of the lease between the Dock Board and Turner Marine Bulk, a Dock Board engineer and two other inspectors conducted a "condition survey" of the terminal. According to the deposition of the engineer, Palmer Fraering, the conclusion of this survey was that the walkway in question was in good condition. However, the survey report is not in the trial court record. Furthermore, although Fraering stated that the survey was expansive, he also stated that it was not as extensive as previous surveys. When asked if he saw any defects in the walkway during his inspection, Fraering could not specifically recall and stated only "I made no reference to it so I must not have found any problem with it." He then stated that if he had found a problem, he would have noted it in his report. Fraering acknowledged that there was corrosion on the steps leading to the walkways. Photographs of the walkway taken during the inspection were also offered to show that there was no defective condition at that time. However, they are not clear enough to determine if there were any defects.
Again, there are still unresolved issues of fact with respect to this argument. First the accident occurred approximately fourteen months after Fraering's inspection. Second, his deposition does not sufficiently answer the "knew or should have known" question. That is a pure question of fact which should be resolved by a trial on the merits. Last, even assuming there was no defect at the time of Fraering's inspection, there is no evidence to indicate one did not surface during the subsequent fourteen months. With a question of fact remaining on whether the defendant can be relieved of liability under R.S. 9:3221, the trial judge erred in granting summary judgment if this was her reason. See Mendoza v. Seidenbach, 598 So.2d 404 (La.App. 4th Cir.1992), writ denied, 605 So.2d 1124 (La.1992) and 605 So.2d 1126 (La.1992); Lujano v. Board of Commissioners of the Port of New Orleans, 563 So.2d 562 (La. App. 4th Cir.1990).
For these reasons, the trial court judgment is reversed and this case is remanded for a trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] Because the trial judge did not issue reasons for judgment, we cannot determine which argument raised by defendant was the basis for the granting of the summary judgment. Therefore, each argument in defendant's motion will be considered.
[2] La.R.S. 9:3221 provides:

"The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone of the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."