663 So.2d 519 (1995)
Stella L. MARTIN
v.
Andrew MARTIN, Jr., and Stella L. Martin Trust, Andre J. Martin, Shemicka M. Martin, Johnifer G. Martin.
No. 95-CA-0466.
Court of Appeal of Louisiana, Fourth Circuit.
October 26, 1995.
Writ Denied January 29, 1996.
*520 Chehardy, Sherman, Ellis, Breslin & Murray, Steven E. Hayes, Metairie, for Appellant, Stella L. Martin.
Spears & Spears, Kordice M. Douglas, New Orleans, for Appellee, Craig Miniex.
Before BARRY, JONES and LANDRIEU, JJ.
BARRY, Judge.
Stella Martin appeals the dismissal of her petition for revocation of a trust, alternatively for removal of the trustee. The matter was submitted on briefs and the record.
According to Mrs. Martin's petition filed in December, 1992, she received life insurance proceeds of $300,000 when her husband Andrew died on June 27, 1991. Mrs. Martin executed a trust instrument and named Craig Miniex, her deceased husband's brother-in-law and a financial planner, as trustee. After the trust was created, Mrs. Martin and her children, who were income beneficiaries in the trust, received no funds and were not provided with an accounting from Mr. Miniex. She claimed Mr. Miniex refused to communicate with her or her attorneys. In a memorandum Mrs. Martin stated that she did not know if Mr. Miniex filed a tax return on the trust's income.
Mr. Miniex opposed the petition and attached a copy of the ANDREW MARTIN JR. AND STELLA L. MARTIN TRUST dated October 2, 1991. Paragraph 2.1 provides that the property is to be divided into four shares in the following proportions: 1/6 to each of the three children and ½ to Mrs. Martin, the principal and income beneficiaries. Paragraph 2.3 provides that the trust is irrevocable. Paragraph 4.3 states that Mrs. Martin "shall have the right to demand certain distributions" of her interest: 1/3 at age 45; 1/3 at age 50; the balance at age 55. According to Paragraph 5.1 the trustee "shall distribute at least quarterly all income allocable to Stella Martin." Paragraph 6.9 (listed under the powers of the trustees relating to distributions) provides:
To make distributions or divisions of trust property at values fairly and equitably determined by the Trustee, and, when dividing or distributing funds or paying trust principal, to make such payment, division or distribution wholly or partly in kind by allotting and transferring specific movable or immovable property or undivided interests therein as part of the whole or any share or payment, at current values, all subject to Trustee's judgment as further provided in the distribution provisions herein.
*521 Paragraph 7.4 provides that the trustee "shall render an account" to a beneficiary according to La.R.S. 9:2088 (which requires an accounting at least once a year). Paragraph 7.7 states:
If the Trustee should for any reasons fail or refuse to serve or qualify as Trustee, or having served, shall die or resign or be removed, then LINDA M. PARSONS of Lake Charles shall serve as Successor Trustee. In the event she cannot serve, a court of proper jurisdiction shall appoint a corporate trustee which has total trust assets under management of at least $50 million. Settlor retains the right to remove a trustee.
According to Mr. Miniex's memorandum, Mrs. Martin had very little business knowledge when she approached him about establishing the trust. He contacted an attorney in Lafayette to draft a trust agreement which was executed in New Orleans. Mrs. Martin transferred $172,000 to him (as trustee) from which he paid $13,000 in estate debts. The remaining $159,000 was placed in two accounts: $80,000 in Presidential Savings Bank and the balance in Chevy Chase Bank. A Chevy Chase trust account statement (March 18, 1993) shows a balance of $83,347.56; a Presidential Savings Bank statement ending 4/20/93 shows a balance of $85,615.27. Mr. Miniex argued that the bank statements showed that he did not misappropriate funds and his decision not to distribute income and to defer distributions was within his discretion pursuant to paragraph 6.9. Mr. Miniex claimed (in November, 1993) that he was in the process of making the calculations required by the trust and that technical violations were being corrected. He explained that he was unable to fulfill some technical duties because he relocated his financial consulting service and started a mortgage business. He noted that he had never taken compensation to which he was entitled under paragraph 7.3. Mr. Miniex alternatively asked the court to appoint a local bank as successor trustee under paragraph 7.7 because Linda Parsons refused to serve.
In reasons for judgment (rendered June 28, 1994) the trial court found that Mrs. Martin had not carried her burden of proof. The court concluded that Mr. Miniex had acted as a responsible fiduciary and was within his discretion to protect the children when he deferred the distribution. The court further stated:
Although it can be argued that the action of the Trustee in failing to distribute the income or principle [sic] and furnishing an accounting as is required by the trust document constitutes a violation of the provisions of the trust and or the Trust Code, this Court is of the opinion that such inaction would at best constitute a technical violation of the trust document/or Trust Code.
The trial court noted that under La.R.S. 9:1789 a technical violation was not sufficient to remove Mr. Miniex and stated: "Additionally, it has been represented to the Court that these violations are currently being corrected."
Mrs. Martin's motion for a new trial was denied and she appealed. Generally, the denial of a new trial is not an appealable judgment absent a showing of irreparable injury. La.C.C.P. 2083; Masson v. Champion Insurance Company, 591 So.2d 399 (La.App. 4th Cir.1991). Where the nonappealable issue is raised in conjunction with appealable issues, the nonappealable issue may be reviewed to achieve judicial economy and justice. It is clear from Mrs. Martin's arguments that she intended to appeal the judgment which dismissed her petition for removal of the trustee. That judgment is appealable and will be reviewed by this Court. Id.

LAW AND ANALYSIS
A trustee may be removed according to the provisions of the trust instrument or by the proper court for sufficient cause shown. La.R.S. 9:1789. That statute contemplates more than a mere technical violation of the Trust Code as grounds for removal of a trustee. Curtis v. Breaux, 458 So.2d 582 (La.App. 3rd Cir.1984). Mere hostility or incompatibility between the trustee and a beneficiary is not sufficient grounds for removal; there must be factual allegations that the hostility interfered with or adversely affected *522 the administration of the trust for it to be a reason for removal. Succession of Noe, 398 So.2d 1173 (La.App. 2d Cir.1981), writ denied, 405 So.2d 530 (La.1981).
Mrs. Martin contends that she reserved her right to remove Mr. Miniex and alternatively that the breach of his fiduciary duty is cause for removal. She relies on the last sentence of Paragraph 7.7: "Settlor retains the right to remove a trustee." Mrs. Martin argues that she has the right to remove any trustee; the trial court did not mention that argument. Mr. Miniex responds that the last sentence applies only when the trustee fails to qualify, refuses to serve, dies, resigns or is removed (because of its position at the end of the paragraph entitled "Successor trustee"). He claims that Mrs. Martin has the power to remove only successor trustees. There is no language which restricts the application of the last sentence to successor trustees.
Mr. Miniex failed to provide an accounting at least once a year (as required by paragraph 7.4 and La.R.S. 2088) and did not distribute income (as mandated by paragraph 5.1). In November, 1993 (two years after the trust instrument was executed) Mr. Miniex was allegedly making the required calculations only after Mrs. Martin filed a petition to remove him as trustee. From October, 1991 to June, 1994 Mrs. Martin received no income, was provided no accounting and was never allowed to inspect the records pertaining to her trust.
Mrs. Martin states that Mr. Miniex refused to communicate with her although La.R.S. 9:2089 provides that a trustee "shall give to a beneficiary upon his request at reasonable times complete and accurate information" as to the trust property and permit her to inspect trust accounts and other documents. In brief Mr. Miniex defends his conduct by stating that he did not refuse to communicate with Mrs. Martin "during rational times," and that subsequent to the June, 1994 judgment he corrected the technical violations by filing tax returns, rendering an accounting, and sending Mrs. Martin a distribution check. He attached to his brief a copy of a check and bank statements, but those documents are not part of the trial court record and will not be considered. Audler v. Board of Commissioners of the Port of New Orleans, 617 So.2d 73 (La.App. 4th Cir.1993), writ denied, 619 So.2d 550 (La. 1993). Mr. Miniex's belated attempts to fulfill his duties as trustee were untimely as to Mrs. Martin's charges.
We conclude that Mr. Miniex failed to timely and consistently comply with the clear mandate of the trust instrument. The trial court manifestly erred by dismissing Mrs. Martin's petition to remove Mr. Miniex as trustee. See Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La. 7/5/94), 639 So.2d 216 (La.1994). The judgment is reversed and Mr. Miniex is hereby removed as trustee. The matter is remanded to the trial court for appointment of a successor trustee in the event that Linda Parsons cannot serve.
REVERSED; REMANDED.