BARRY, Judge.
| ¿Stanley Riley, individually and as administrator of the estate of John and Dora Reilly, and Bertha Coleman Reilly, individually and as administratrix of the estate of George and Rose Albert, sued Jay Riley and a number of Riley family members to whom Bohemia Spillway land expropriated in the 1920s had been returned, the Secretary of the Louisiana Department of Natural Resources (DNR) and the special master he appointed, and the Board of Commissioners of the Orleans Levee District. The petition and amended petition sought: a judgment recognizing plaintiffs as legal owners of the property and ordering the defendants to surrender possession of the lands; a writ of mandamus directed to the DNR Secretary, his special master, and the Levee Board commanding them to issue all necessary documents or indicia of title; and a writ of mandamus to the Levee Board commanding it to furnish an accounting of all mineral revenues and royalties received from the property according to the provisions of Act 233 of 1984. The Levee Board filed a number of exceptions. The trial court maintained its exception of no cause of action relating to “the Writ of Mandamus seeking an accounting of |2all revenues received from the affected properties.”[1] A motion for a new trial was denied and the trial court incorporated by reference its lengthy reasons for judgment in Haspel and Davis Milling & Planting Company, Ltd. v. Board of Commissioners of the Orleans Levee District.
The plaintiffs appeal the judgment denying the motion for a new trial, which is *171 not an appealable judgment absent a showing of irreparable injury. La.C.C.P. art. 2083; Masson v. Champion Insurance Company, 591 So.2d 399. (La.App. 4 Cir.1991). However, when a non-appealable issue is raised in conjunction with appealable issues, the non-appealable issues may be reviewed to achieve judicial economy and justice. Martin v. Martin, 95-0466 (La.App. 4 Cir. 10/26/95), 663 So.2d 519. It is clear that the plaintiffs intended to appeal the judgment maintaining the Levee Board’s exception of no cause of action. Such a judgment which dismisses a party and adjudicates claims is generally ap-pealable and the denial of the motion for new trial would be reviewed on appeal. Here the trial court partially maintained an exception of no cause of action where no party was dismissed and only the request for a writ of mandamus for the Levee Board’s accounting was decided. Such a judgment arguably is not appealable unless it causes irreparable injury. See Everything on Wheels Subaru, Inc. v. Subaru South,Inc., 616 So.2d 1234 (La.1993). However, in the interest of justice we will consider the plaintiffs’ appellate arguments.

^ARGUMENT AND ANALYSIS

The plaintiffs argue that the . legislature intended that the Levee Board account for revenues collected after the effective date of Act 233 of 1984 because the former owners were entitled to those royalties.[2] They point to Section 3 of that act which provided:
The Board of Levee Commissioners of the Orleans Levee District shall provide a thorough accounting to the secretary of the Department of Natural Resources, or his designee, concerning all revenues received from the affected property. The information so provided shall be made available to applicants. The board shall comply with the spirit and letter of the rules and regulations adopted and promulgated by the secretary of the Department of Natural Resources.
Clearly under Section 3 the Levee Board was to provide the DNR with an accounting as to revenues and that accounting was to be made available to the applicants. Act 819 of 1985 and Act 847 of 1992 did not amend or reenact Section 3. Under Section 3 subsequent to Act 819 the legislature clearly intended that the applicants have access to the Levee Board’s accounting, if “accounting” is given the most restrictive definition.
|/The Levee Board argues that the plaintiffs’ claims cannot be asserted by means of an action for mandamus and contends that it has no clear duty to provide an accounting to the plaintiffs.[3]
Section 3 of Act 233 requires that the Levee Board provide an accounting of revenues to the DNR; that is a clear ministerial duty. The section further provides that the accounting be made available to the applicants. The Levee Board was and is certainly in the best position to make that accounting available to the applicants.
The plaintiffs allege in their petition that they are the legal heirs of John Riley, a former owner of a tracts of land in the Bohemia Spillway, and that they filed applications according to Act 233 of 1984. For purposes of reviewing a ruling on a no cause of action exception, all well-pleaded facts must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237. Accepting the allegations in the petition as true, we find that plaintiffs are entitled to access the accounting.
*172 The question then becomes whether the plaintiffs stated a cause of action for a writ of mandamus directed to the Levee Board to compel an accounting. Mandamus is a writ directing a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. A writ of mandamus is an extraordinary remedy and may be issued in all cases where the law provides no relief by ordinary means or where delay in obtaining ordinary relief may cause injustice. La.C.C.P. art. 3862. This Court has held that a landowner, who had ^obtained a judgment against the Plaquemines Parish Government for the fill dirt seized from his property for levee purposes, has the special and peculiar interest to enforce by mandamus the express constitutional duty of the public body to levy a tax to pay for his lands destroyed (particularly when more than seven years elapsed without payment). Kimble v. Giordano, 95-1034 (La.App. 4 Cir. 8/23/95), 660 So.2d 901.
Arguably the plaintiffs could have filed for ordinary relief to compel an accounting and perhaps would have so amended their petition if given the opportunity pursuant to La.C.C.P. art. 934.
Regardless, the trial court was faced with a petition that asserted several demands or theories based on the operative facts of a single transaction or occurrence. Under Everything on Wheels Subaru, Inc., 616 So.2d at 1234, the trial court improperly partially maintained the Levee Board’s exception of no cause of action as to one theory without dismissing a party or deciding the merits of the other claims.
The judgment is reversed and the matter is remanded for proceedings consistent with this opinion.

REVERSED; REMANDED.

. This is one of three cases involving the maintaining of the Board's exception of no cause of action. Haspel and Davis (# 95-CA-0233) and Vogt v. Board erf Levee Commissioners of the Orleans Levee District c/w Edgecombe v. Board of Levee Commissioners of the Orleans Levee District (# 95-CA-1187) are the other two cases. Opinions in those cases will be rendered simultaneously with this opinion.

. The plaintiffs include general arguments relating to their right to royalties generated by the Bohemia Spillway lands from the effective date of Act 233 of 1984 to the dates of actual title transfer and the Levee Board counters those arguments. Those arguments are relevant if "accounting'' is very broadly interpreted to encompass settlement and distribution as well as tabulation (discussed at length in the other two opinions). However, the issue on appeal here is whether the trial court properly maintained the Levee Board’s no cause of action exception only as to the writ of mandamus ordering an accounting of revenues.

. The Levee Board also argues that the request for a writ of mandamus, which is handled by summary procedure, was improperly cumulated with matters handled by ordinary proceedings. However, the trial court declared that the exception of improper cumulation was moot and that ruling is not before this Court.