| pDECUIR, Judge.
The State of Louisiana, through the Department of Social Services, Office of Family Support, filed this proceeding on behalf of Kyeria Shawntay Thomas, the minor child of Theresa Ann Thomas. According to the brief filed in this court by the State, Theresa Ann Thomas is now deceased. However, at the time this action was initiated, she was a recipient of AFDC payments, and the State sought to collect child support from her child’s father, alleged to be Carlton Thomas, Jr., to offset the AFDC payments.
Although Theresa and Carlton have the same last name, they have never been married. In fact, Theresa testified that at the time of Kyeria’s birth, she was married to, though not living with, Collie Thomas, Jr. Collie was named as a defendant in this matter and was served with process; he did not file an answer, however, and no judgment was taken against him.[1] Conversely, Carlton did file an answer and denied paternity.
At proceedings before a family court hearing officer, Theresa testified that she had on ongoing sexual relationship with Carlton at the time of Kyeria’s conception. Carlton denied ever having sex with Theresa. The hearing officer ordered Theresa, Kyeria, and Carlton to submit to blood tests for purposes of DNA testing. The test results were filed into evidence and contained the following conclusion:
*83 The alleged father, CARLTON THOMAS, JR., cannot be excluded as the biological father of the child, KYERIA THOMAS, since they share genetic markers. Using DNA analysis, along with the systems reported on the previous page, the probability of paternity is 99.99%, as compared to an untested, unrelated man of the North American Black population.
_|Also included in the record before us is a copy of Kyeria’s birth certificate, which names Carlton Thomas, Jr., as the father.
Filed eight years ago, this case has been the subject of lengthy delays caused in part by Theresa’s battle with the AIDS virus and in part by the court. Kyeria was born on February 3, 1992, and the State’s petition was filed on October 18, 1992. The blood tests were ordered two months later, but the results were not filed in evidence until 1996. A hearing on the issue of paternity was held on August 21, 1996. Although the court scheduled a date to rule on the case, no ruling was rendered. Subsequently, a second hearing was held on May 21, 1997; the hearing officer left the record open for a 72-hour period and stated that he would issue a ruling at that time. Finally, on December 18, 1997, the hearing officer made his recommendation, which document was faxed to the State’s attorney on December 30 and filed into the record on January 7, 1998.
The State appealed the hearing officer’s recommendation to the trial judge on January 5, 1998. The trial judge determined that the State did not file its request for a hearing within the 72-hour period for such appeals established by local court rule and so dismissed the State’s appeal. Apparently, the hearing officer’s notation that the State was granted until January 9 to file its exception to the recommendation went unnoticed or was disregarded by the trial judge. On February 26, the trial judge signed a judgment confirming the recommendation of the hearing officer. The State moved for a new trial, but its request was denied on November 23, 1998. This appeal ensued.
We first address the defendant’s motion to dismiss the State’s appeal. The State’s petition for appeal concerns the November 23, 1998 denial of its motion for new trial, not the February 26, 1998 judgment which confirmed the recommendation |4of the hearing officer. In its brief, however, the State argues the merits of the hearing officer’s recommendation.
The denial of a new trial is generally not an appealable judgment absent a showing of irreparable injury. La.Code Civ.P. art. 2083. However, in this case, it is clear from the arguments presented to this court in brief, and in the State’s oral motion for appeal in the trial court, that the State intended to appeal the judgment which confirmed the hearing officer’s recommendation on the issue of paternity. That judgment is an appealable judgment under La. R.S. 46:236.5(C)(7), which this court may choose to review. See Martin v. Martin, 95-466 (La.App. 4 Cir. 10/26/95), 663 So.2d 519, writ denied, 95-2806 (La.1/29/96), 666 So.2d 682; Masson v. Champion Ins. Co., 591 So.2d 399 (La.App. 4 Cir.1991). Accordingly, we deny the defendant’s motion to dismiss the appeal.
The State argues in this appeal that the trial court erred in failing to grant its exception to the hearing officer’s recommendation. The trial court found the State’s exception to be untimely and signed a judgment confirming the recommendation without review of the hearing officer’s findings. This procedure was in accordance with La.R.S. 46:236.5(0(7). Regardless of the timeliness of the State’s exception, we find that the judgment signed by the trial court confirming the hearing officer’s recommendation is an ap-pealable judgment under the aforementioned statute, with or without intervening review by the trial court. We exercise our authority under La.R.S. 46:236.5(0(8) to review this matter de novo because of the *84 length of time the ease has been pending (eight years), the death of the child’s mother (a material witness who can provide no further testimony), and the absence of any need for additional evidence.
|fiWe turn now to the merits of the ruling on paternity. In finding that the State failed to establish paternity by a preponderance of the evidence, the hearing officer found that the “scientific testing was uncorroborated other than the self serving testimony of the Pláintiff, which was contradicted by Defendant’s testimony.” Our review of these proceedings reveals manifest error in the hearing officer’s conclusion.
Theresa, rather than testifying as a self-interested witness, appeared to us to be a reluctant, if not out right hostile witness for the State. She failed to appear for several court dates and delayed the DNA testing for two years, although under court order to submit to testing. Although her health was offered as the excuse for her failure to cooperate, the record contains no doctor’s notes or testimony on her behalf to explain her refusal to comply with court orders. Additionally, Theresa was a recipient of AFDC funds and had nothing to gain or lose by establishing the paternity of her child as that of a man who was unemployed in the year and a half prior to the court hearing. The birth certificate offers further proof of Theresa’s veracity, as she apparently reported the father of Kyeria to be Carlton at the time of Kye-ria’s birth. On the other hand, Carlton’s testimony was wholly self-serving and unsubstantiated.
The DNA test results which show a 99.99% probability of paternity provide us with persuasive and objective evidence of paternity. LeBlanc v. LeBlanc, 497 So.2d 1361 (La.1986). The legislature has pronounced that test results showing a probability of paternity greater than 99.9% establish a rebuttable presumption of paternity. See La.R.S. 9:397.3(B)(2)(b), added by amendment in 1995, and State, in the Interest of T.L.R. v. R.W.T., 98-2274 (La.1/20/99), 737 So.2d 688.
We believe the objective evidence of DNA test results which show a 99.99% probability of paternity, coupled with the testimony from Theresa and the child’s birth certificate, prove by a preponderance of the evidence that Carlton is the natural | fiand biological father of Kyeria. Accordingly, we reverse the judgment of the trial court on the issue of paternity and remand this matter for a determination of whether and to what extent child support is owed.[2]
For the above and foregoing reasons, the defendant’s motion to dismiss the State’s appeal is denied, the judgment of the trial court is reversed, and this matter is remanded for expedited proceedings[3] consistent with this opinion.
REVERSED AND REMANDED.

. The record does not disclose if the State'has proceeded against Collie Thomas, Jr., as the legal father of Kyeria.

. The record does not disclose the present status of the child now that her mother is deceased.

. In State, in the Interest of T.L.R., the Supreme Court stated:
This Court has recognized that, to the extent practicable, any and all proceedings affecting children should be given expeditious treatment. La.S.Ct. Rules XXXII-XXXIV. (Effective Feb. 1, 1999.) The policy behind the rule, acknowledging the special needs of children, has application to all courts.
98-2274, at p. 13, 737 So.2d at 695. The case was remanded for determination of support, with instructions that it be heard "on an expedited basis with preference and priority.” Id.