# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-455

**TED WAYNE COX, JR. AND APRIL ANN COX**

**VERSUS**

**LENZIE BETH DUPUIS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-307-24
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GUY E. BRADBERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**Michael J. Daspit**
**Daspit Law Office, APLC**
**107 East Claiborne Street**
**Saint Martinville, Louisiana 70582**
**(337) 394-3290**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Lenzie Beth Dupuis**

**James F. DeRosier**
**DeRosier Law Firm, LLC**
**125 West School Street**
**Lake Charles, Louisiana 70605**
**(337) 474-0820**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **April Ann Cox**
     **Ted Wayne Cox, Jr.**

**BRADBERRY, Judge.**

Defendant Lenzie Beth Dupuis appeals the judgment of the trial court, removing her as trustee of The Ted Wayne Cox, Sr. Irrevocable Trust (the Trust) and appointing Plaintiffs Ted Wayne Cox, Jr. and April Ann Cox as co-trustees. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On March 19, 2013, Ted Wayne Cox, Sr. executed three documents: (1) a Last Will and Testament, (2) the Trust, and (3) a power of attorney naming his wife, Lenor Cox, as his agent. The Trust listed Lenor Cox; Mr. Cox, Sr.'s two children from a previous marriage, Ted Wayne Cox, Jr. and April Cox; and Mr. Cox Sr.'s grandchildren as successor income beneficiaries and principal beneficiaries of certain immovable property and assets. The Trust named Mr. Cox, Sr. the sole trustee; however, in the event he could not serve as trustee, the Trust named Lenor Cox sole trustee. In the event Lenor Cox could not serve as trustee, Lenzie Dupuis, Lenor Cox's daughter, was named sole trustee.

Mr. Cox, Sr. died on January 16, 2020. Upon his death, Lenor Cox became the sole trustee of the Trust. Thereafter, Ted Cox, Jr. and April Cox were presented with a document dated October 23, 2014, purporting to amend the Trust. The amendment disinherited Mr. Cox Sr.'s children and grandchildren and named Lenor Cox as the sole income and principal beneficiary. In November 2020, Lenor Cox transferred five immovable properties from the Trust to herself. On January 7, 2021, Ted Cox, Jr. and April Cox filed a petition to open the succession of their father. Within the succession proceeding, Ted Cox, Jr. and April Cox filed a petition that alleged the amendment to the Trust was procured by Lenor Cox's undue influence and sought a declaration from the court invalidating the amendment.

A trial was held in February 2023, after which the trial court took the matter under advisement. Written reasons were issued in April 2023, with a judgment signed in May 2023. The trial court ruled in favor of Ted Cox, Jr. and April Cox, invalidating the amendment and finding that the Trust documents executed by Ted Cox, Sr. on March 19, 2013, be the valid and operational Trust.

The trial court found that the medical evidence demonstrated that Ted Cox, Sr. was experiencing problems with dementia and Alzheimer's disease and had difficulty making decisions more than a year prior to the amendment of the Trust. Further, Lenor Cox was aware of his condition and isolated him from his family and friends, including his children, and limited their contact. When contact did occur, Lenor was there to monitor what was said. The trial court found that Lenor actively interfered in the relationship between Ted Cox, Sr. and his children, leading to the deterioration of said relationship. The trial court concluded that the amendment to the Trust would not have occurred absent the undue influence of Lenor. As a result of this judgment, Lenor Cox was removed as sole trustee of the Trust; the November 2020 act of transfer was nullified as well as all alienations of assets made by Lenor Cox; and, in accordance with the Trust documents, Lenzie Dupuis was appointed sole trustee. Lenor Cox appealed.

On May 15, 2024, this court issued an opinion in *Succession of Cox*, 23-773 (La.App. 3 Cir. 5/15/24), 388 So.3d 523, wherein the trial court's judgment was affirmed. On May 22, 2024, Ted Cox, Jr. and April Cox filed a Petition to Remove Trustee with Incorporated Memorandum in a separate docket number, which is the subject of this appeal. The petition requests Lenzie Dupuis be removed as sole trustee of the Trust in accordance with La.R.S. 9:1789, alleging that the loyalty she feels toward her mother interferes with her duties as trustee. A hearing on the matter

was held on July 2, 2024.  The trial court signed a judgment on July 18, 2024, removing Lenzie Dupuis as trustee of the Trust, appointing Ted Cox, Jr. and April Cox as co-trustees, and ordering Lenzie Dupuis to refrain from transferring or liquidating any assets of the Trust or making any distributions from the Trust without the express written consent of Ted Cox, Jr. and April Cox.  Lenzie Dupuis now appeals.

## ASSIGNMENTS OF ERROR

1. The trial court erred in removing Lenzie Dupuis as trustee of the Ted Wayne Cox, Sr. Irrevocable Trust.

2. The trial court erred in enjoining Lenzie Dupuis from transferring/liquidating any assets of the trust or making any distributions without the written consent of Ted Wayne Cox, Jr. and April Cox.

## LAW AND DISCUSSION

The removal of a trustee is governed by La.R.S. 9:1789(A), which states, "[A] trustee shall be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause."  The Trust at issue does not include a section for removal of a trustee.  Sufficient cause for the removal of a trustee "requires allegations of conflict of interest, hostility, and impairment or interference with proper administration of the trust." *McCaffery v. Lindner*, 18-163, p. 5 (La.App. 5 Cir. 12/27/18), 263 So.3d 1205, 1210, *writ denied*, 19-140 (La. 3/18/19), 267 So.3d 89.  "Mere hostility or incompatibility between the trustee and a beneficiary is not sufficient grounds for removal; there must be factual allegations that the hostility interfered with or adversely affected the administration of the trust for it to be a reason for removal." *Martin v. Martin*, 95-466, p. 4 (La.App. 4 Cir. 10/26/95), 663 So.2d 519, 521–22, *writ denied*, 95-2806 (La. 1/29/96), 666 So.2d 682.

3

Louisiana Revised Statutes 9:2082(A) provides, "A trustee shall administer the trust solely in the interest of the beneficiary." "When there is more than one beneficiary, the trustee must administer the trust for the benefit of all the beneficiaries." *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 14-697, 14-827, 14-828, p. 13 (La.App. 3 Cir. 2/18/15), 159 So.3d 1101, 1110. "The duty of loyalty is the fundamental duty owed by a trustee as a fiduciary." *Thomas v. Kneipp*, 43,228, p. 7 (La.App. 2 Cir. 5/28/08), 986 So.2d 175, 181.

The Louisiana Supreme Court in *Succession of Dunham*, 408 So.2d 888, 900 (La.1981), explained:

> [W]hile mere animosity is not sufficient ground for removal of the trustee, the statutory provisions relative to the responsibilities of a trustee are very rigid and hold the trustee to an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. The very word "trustee" implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary.

Regarding review of the trial court's ruling, the removal of a trustee is subject to a manifest error or clearly wrong standard of review. *McCaffery*, 263 So.3d 1205. "The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Lafayette City-Parish Consol. Gov't. v. Shah*, 24-273, 24-274, 24-275, 24-276, 24-277, p. 9 (La.App. 3 Cir. 11/20/24), ___So.3d___, ___. As long as the trial court's ruling is reasonable in light of the record, the court of appeal cannot reverse, even if it would have ruled differently. *Id.*

We note that the trial judge in the present case presided over Ted Cox, Sr.'s succession proceedings, wherein he invalidated the purported amendment to the Trust and removed Lenor as trustee. At the hearing on the removal of Lenzie as trustee, counsel for Ted Cox, Jr. and April formally requested the trial court take

4

judicial notice of all proceedings in the succession, including the evidence, testimony and rulings.  This request was granted without objection.

Ted Cox, Jr. and April contend that Lenzie must be removed because the loyalty she feels for and has exhibited towards her mother, Lenor, adversely affects her administration of the Trust for the benefit of all beneficiaries.  Specifically, Ted Cox, Jr. and April assert that Lenor's beneficiary claims have received precedence over their own and those of their children.

Ted Cox, Jr. and April maintain that Lenzie cannot fulfill the obligation of undivided loyalty owed to all beneficiaries of the Trust.  They point out that in the succession proceeding, Lenzie accompanied her mother to court every day and testified on her behalf.  In *Succession of Cox*, 388 So.3d 523, a panel of this court found that the only evidence in support of Lenor's contentions came from her daughter, Lenzie.  She testified that she attended most of Ted Cox, Sr.'s doctor's appointments and that he was not experiencing mental problems at the time of the amendment.  This directly contradicted the medical records.  The trial court found the testimony of Lenzie Dupuis not credible, and the appellate court affirmed.  Ted and April contend Lenzie gave this compromised testimony in order to help her mother gain control over the Trust assets that were at issue in the succession proceedings.

Placed into evidence were numerous checks signed by Lenzie, as trustee, and made to the order of Lenor.  These checks were written in March 2024 and total $47,765.52.  At the same time, Lenzie denied requests for payments from the other beneficiaries for various reasons.  One reason given was that there were not sufficient funds to satisfy the other beneficiaries' requests.

5

Ted and April call attention to the fact that Lenzie retained the same attorney her mother hired to file a motion for new trial in the succession proceeding and to appeal the trial court's decision. This representation overlapped, as the appeal opinion was not rendered until May 2024. During this time, Lenzie was advised to refuse requests for payments by the other beneficiaries, in case Lenor was successful in her appeal. Ted and April argue that, because Lenzie retained the same attorney as her mother in a case against the other beneficiaries, this is another indication of her partiality to her mother to the detriment of the other beneficiaries.

After the appeal opinion in the succession proceeding was rendered, Lenzie did issue payment to the other beneficiaries for some of their requests. A total of $72,000.00 has been disbursed and split between the nine other beneficiaries. They have requested $215,000.00.

Lenzie argues that "[a]s a general rule, neither conflict of interest, particularly where the settlor knew of the potential conflict at the time the trust was created and the trustee named, nor hostility, of itself, constitutes sufficient cause for the removal of a trustee." *City Bank & Trust Co. v. Hawthorne*, 551 So.2d 658, 662 (La.App. 3 Cir. 1989). While this is true, Ted and April have alleged facts that the hostility interfered with the administration of the Trust. *Martin*, 663 So.2d 519. The trial court found that Lenzie's loyalty to Lenor did interfere with her administration of the Trust and removed Lenzie as trustee. Based on the body of evidence discussed above, we cannot say that the trial court manifestly erred in that finding.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant Lenzie Dupuis.

**AFFIRMED.**